UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
CURTIS W. CRUMMELL

                      Petitioner,

     – against –

BRIAN FISCHER,

                      Respondent.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

12-cv-00620 (AMD)

**ANN DONNELLY, District Judge.**

The *pro se* petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in connection with his New York State guilty plea to Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(3)), Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02(1)), and Criminal Possession of Weapon in the Fourth Degree (Penal Law § 265.01(1)). The petitioner argues that his attorney was ineffective for failing to advise him that his sentence would run consecutively to the petitioner's undischarged sentence for an unrelated prior felony. The petitioner also argues that his plea was unconstitutional. For the reasons that follow, the petition for a writ of habeas corpus is denied.

## FACTUAL AND PROCEDRUAL HISTORY

On August 11, 2005, the petitioner pleaded guilty to Criminal Sale of a Controlled Substance in the Fifth Degree, and was sentenced to an indeterminate prison term from two years to four years. (ECF 9, Ex. 1 at 139.) After the petitioner was released on parole, officers from the New York State Division of Parole made an unannounced "home visit" on March 26, 2008, and

1

found ammunition in the petitioner's dresser drawer. (ECF 9, Ex. 1 at 56-57, 60.) The officers also recovered a .22 caliber revolver from the petitioner's jacket sleeve. (*Id.*) They summoned officers from the Nassau County Police Department who arrested the petitioner and took him into custody. (*Id.*)

The petitioner was indicted for Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(3)), Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02(1)), and Criminal Possession of Weapon in the Fourth Degree (Penal Law § 265.01(1)). On October 19, 2009, the petitioner appeared with his attorney, John Serio, before the Honorable George Peck in Nassau Country Supreme Court and pleaded guilty to the three count indictment.[1] (ECF 9, Ex. 1, at 112.) The prosecutor advised the court that his office had videotape of the petitioner selling heroin. As part of the plea, however, he agreed not to seek an additional drug indictment against the petitioner. (*Id.* at 108.) The court promised to sentence the petitioner to the minimum permissible term of imprisonment.[2] (*Id.* at 138.)

As part of the plea allocution, the petitioner confirmed, under oath, that he was in good physical and mental health, that he was satisfied with his counsel's representation, and that his plea was voluntary. (*Id.* at 129.) The court explained each of the rights that the petitioner was giving up and the petitioner acknowledged that he understood. (*Id.*) In addition, the court advised the petitioner that he was giving up the right to assert any defenses, and that he would be waiving his right to appeal the court's denials of his suppression and speedy trial motions. (*Id.*) The petitioner then admitted that on March 26, 2008, he possessed a firearm and ammunition at his

---

[1] The court had already held a hearing on the petitioner's motion to suppress, and denied the motion. (ECF 9, Ex. 1, at 98, 105.)

[2] According to the court, the petitioner was eligible for sentencing as a persistent felony offender. (*Id.* at 109.)

2

home.[3] (*Id.*) The court accepted the plea, finding that the petitioner understood the nature and consequences of the plea and the rights he was giving up. (*Id.* at 133-34.) The petitioner did not move to withdraw his plea.

On May 6, 2010, the judge sentenced the petitioner, as pronounced, to a determinate prison sentence of five years on the second degree weapons count, an indeterminate term of two to four years on the third degree weapons count, and one year on the misdemeanor. (*Id.* at 140-41.) The court ordered that the terms of imprisonment run concurrently. (*Id.* at 141.)

The petitioner appealed his conviction to the Appellate Division, Second Department in January of 2011, claiming that the first count of the indictment was jurisdictionally defective because it did not set forth facts supporting each element of the claim.[4] (ECF 9, Ex 2. at 9.) The Appellate Division affirmed the petitioner's conviction, and found that the indictment was not jurisdictionally defective. (*Id.* at 37.) The Court of Appeals denied the petitioner's application for leave to appeal on September 27, 2011. (ECF 9, Ex. 3 at 3.)

On December 9, 2011, the petitioner moved to set aside his sentence pursuant to C.P.L. § 440.20. (ECF 9, Ex. 4 at 3.) The petitioner alleged that his lawyer was ineffective because he "refused to forewarn the defendant of direct consequences causing unlawful enhancement and aggravating collateral aggregation from concurrent to consecutive." (*Id.* at 4.) On January 20, 2012, the court denied the petitioner's motion, ruling that the petitioner "did, in fact, receive the bargained for sentence," which was the minimum sentence. (*Id.* at 82-83.) According to the court, the petitioner had "not identified any specific deficiency in counsel's performance." (*Id.* at 85.) On the contrary, the court found that the lawyer "waged a vigorous defense" and "vociferously

---

[3] The petitioner also acknowledged that he had previously been convicted of a crime, which was one of the elements of count two of the indictment. (*Id.* at 132.)

[4] This jurisdictional claim survived the petitioner's waiver of his right to appeal.

3

argued" all the petitioner's defenses. (*Id.* 84-85.) The court could not "imagine how any attorney could have done something different in order to obtain a better result for Mr. Crummell." (*Id.* 85.) The court also observed that to the extent that the petitioner's complaint was with the way his sentence was calculated, that issue was not an appropriate subject for a § 440 claim. The petitioner did not appeal this decision.

Then, in January of 2012, the petitioner filed a C.P.L.R. Article 78 petition, seeking an order directing Brian Fischer, Commissioner of the New York State Department of Corrections and Community Supervision, to "cease and desist consecutively resentencing" him and return "jail time credit" to the petitioner. (ECF 9, Ex. 5, at 3.) On February 24, 2012, the prosecutor confirmed that the petitioner's concurrent sentences on the gun case were running consecutive to the undischarged portion of his earlier narcotics sentence as required by NY Penal Law § 70.25(2-a). (*Id.* at 22.) The prosecutor also argued, however, that the court was not required to inform the petitioner, at the time of the plea, of this collateral consequence. (*Id.* at 23.) On February 27, 2017, the court dismissed the petition without prejudice, and directed the petitioner to commence an action in a venue permitted by CPLR 506. (*Id.* at 102.)

On February 6, 2012, the petitioner filed this action seeking a writ of habeas corpus. (ECF 1.)

## DISCUSSION

Construing his claims liberally, the petitioner argues that his attorney was ineffective for failing to advise him that the sentences imposed by Judge Peck would run consecutively to his undischarged sentence on the prior felony. The petitioner also argues that his plea was not entered knowingly, voluntarily, or intelligently, because he did not understand the charges against him,

4

and because he was "coached" on what to say. (ECF 1 at 6.) Both claims are procedurally barred, and, in any event, fail on the merits.

### 1. Legal Standard

A state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 517 (1982). Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts "defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Coleman*, 501 U.S. at 731 (internal quotation mark omitted).

The Second Circuit has established a two-prong inquiry to determine whether a petitioner has exhausted his state remedies: (1) the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal court, and (2) the petitioner must have utilized all available means to secure appellate review of the denial of that claim. *Lloyd v. Walker*, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir.1979)).

### 2. Ineffective Assistance of Counsel

The petitioner alleges that his trial lawyer was ineffective because he failed to inform the petitioner that his three concurrent sentences would run consecutively to the undischarged portion of his sentence from the prior felony. The petitioner did not raise this claim in his direct appeal or

5

in his Article 78 petition, but did raise it in his motion to set aside his sentence pursuant to CPL § 440.20.[5] The petitioner, however, did not appeal the court's denial of that motion as he could have done under CPL § 450.15 and § 460.10(4). Thus, the petitioner did not exhaust his state law remedies.

The fact that the statutory time limit to appeal the § 440.20 motion may very well have passed does change this result. As the Second Circuit held in *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990):

> While that statutory limit may ultimately be held by state courts to preclude them from reaching the merits of [the petitioner's] ineffective assistance claim, he must still present that claim to the highest state court. We have no authority to declare as a matter of state law that an appeal from the denial of his original Section 440.10 motion is unavailable or that he cannot raise the ineffective assistance claim in a new Section 440.10 action. Until [the petitioner] presents his claim to the highest state court-whether or not it seems likely that he will be held to be procedurally barred-he has not exhausted available state procedures. *See* 28 U.S.C. § 2254(c).

Where, as here, the petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

The inquiry, however, does not end there. In the case of a "procedural default (including where an unexhausted claim no longer can proceed in state court), [the court] may reach the merits of the claim only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *St. Helen v. Senkowsi*, 374 F.3d 181, 184 (2d Cir. 2004) (citing *Bousley*

---

[5] The respondent argues that the petitioner's ineffective assistance of counsel claim in his § 440.20 motion was vague and based on a different theory then his habeas petition. Because the petitioner is *pro se*, I liberally construe his § 440 motion to assert ineffective counsel based on counsel's alleged failure to inform him that the concurrent sentences would run consecutively to his undischarged sentence. *See Martin v. United States*, 834 F. Supp. 2d 115, 132 (E.D.N.Y. 2011) (construing a *pro se* petitioner's ineffective assistance of counsel claim liberally).

*v. United States*, 523 U.S. 614, 622 (1998)). The petitioner does not explain why he did not appeal the state court's denial of his motion to set aside his sentence. Nor does he argue that he is actually innocent. Accordingly, the petitioner's inefficient assistance of counsel claim is procedurally barred.

Even if the petitioner had exhausted his claims in state court, or established cause and prejudice, his ineffective assistance of counsel claim fails on the merits. To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, the petitioner cannot satisfy either prong.

There is no merit to the petitioner's claim that his trial counsel was ineffective for failing to advise him that his sentence would run consecutively to his undischarged sentence. *See e.g. Arbomeda-Arbomeda v. United States*, No. 09-cr-123, 2012 WL 1429376, at *1 (S.D.N.Y. Apr. 24, 2012) (denying an ineffective assistance of counsel claim where counsel failed to request the defendant's sentence run concurrently with his undischarged sentence).[6]

In fact, the petitioner's counsel negotiated the minimum permissible sentence for the petitioner, a second felony offender who committed a felony while on parole for another felony. His lawyer also managed to convince the prosecutor, who apparently had video evidence of the petitioner selling heroin, not to indict him for selling drugs. (ECF 9, Ex. 4 at 85.) The judge observed that he could not "imagine how any attorney could have done something different in order to obtain a better result for Mr. Crummell." (*Id.*)

---

[6] New York law requires that the sentences run consecutively to the undischarged sentence. *See* N.Y. Penal Law § 70.25(2-a) ("When an indeterminate or determinate sentence of imprisonment is imposed . . . and such person is subject to an undischarged indeterminate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.")

7

Second, the petitioner has not shown prejudice. To establish prejudice, the petitioner must show a "reasonable probability" that but for counsel's deficient performance he would not have pleaded guilty and would have gone to trial. *Hill v. Lockhard*, 474 U.S. 52, 59 (1985). The petitioner offers no evidence that he would have gone to trial had he known that his minimum sentence would run consecutive to the undischarged portion of his prior sentence. "Put simply, conclusory allegations that a defendant would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under *Strickland*." *Scott v. Superintendent, Mid-Orange Corr. Facility*, No. 03-CV-6383, 2006 WL 3095760, at *9 (E.D.N.Y. Oct. 31, 2006). If the petitioner had elected to take his chances in front of a jury, his odds of prevailing were long indeed. The evidence at the suppression hearing established that parole officers found a gun and ammunition in the petitioner's home. The petitioner, a predicate felon with prior experience in the criminal justice system, plainly recognized that his best option was to plead guilty and get the minimum sentence. In short, the petitioner's ineffective assistance claim is both procedurally barred and fails on the merits.

### 3. Petitioner's Guilty Plea

In the petitioner's § 440.20 motion to set aside his sentence, he alleged that he entered a "false plea of guilty due to coercion and duress" because he was unaware that the court could impose "unlawful consecutive aggregation." (ECF 9, Ex. 4 at 5.) Interpreting his claims liberally, the petitioner brings the same claim in his writ for habeas corpus: that his plea was unconstitutional because he did not know that the sentences imposed would run consecutively to his undischarged sentence. However, like his ineffective assistance claim, I find that the petitioner has not exhausted his state law remedies because he did not appeal the court's denial of his § 440.20 motion. For the

same reasons, I also find that the petitioner has not shown cause and prejudice or actual innocence to overcome the procedural defect.

In any event, the petitioner's claim that his plea was unconstitutional fails on the merits as well. To be constitutionally valid, a guilty plea must be knowing and voluntary. *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993). During the plea allocution, the petitioner confirmed that he was pleading voluntarily and of his own free will, and that he understood the rights he was giving up. (ECF 9, Ex. 1, at 129-130.) Where "the trial court fully apprised petitioner of the rights he was relinquishing, the potential consequences of his plea, and clearly distinguished the waiver of trial rights from the right to appeal," the plea is valid. *See Velasquez v. Ercole*, 878 F. Supp. 2d 387, 405 (E.D.N.Y. 2012)

The fact that the trial court did not advise the petitioner of a collateral consequence—that his earlier sentence would run consecutively to the undischarged portion of his earlier sentence—does not render the plea involuntary. *See Guzman v. Couture*, No. 99-civ-11316, 2003 WL 165746, at *18 (S.D.N.Y. Jan. 22, 2003) ("Petitioner's claim that the Trial Court failed to advise him that his sentence for the 1985 offense conduct would run consecutively to his prior undischarged term is unavailing. 'Collateral consequences' resulting from petitioner's decision to plead guilty have no effect upon the voluntariness of the plea itself.")

## CONCLUSION

The petition for writ of habeas corpus is denied in its entirety. The case is dismissed. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

s/Ann M. Donnelly
───────────────────────
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      May 11, 2017